Agree to affirm. No opinion.
All concur, except ALLEN, J., not voting.
Judgment affirmed.

---

PRISCILLA ROULSTON, Respondent, *v.* ROXEY E. ROULSTON et al., Appellants.

THIS action was brought to have the purchases of certain undivided interests in real estate, which were conveyed, by deed, to David W. Roulston, adjudged to be in trust for plaintiff. David Roulston died intestate in May, 1863, leaving the plaintiff, his widow and six children him surviv-

ing. He owned, at the time of his decease, a large dairy farm, and the stock and farming utensils thereon. Of the children, two were minors, and lived at home. Plaintiff and one of the sons, said David W. Roulston, were appointed administrators. Plaintiff, with the consent of the adults, took possession of and managed the farm, and with it all the personal property. The two minors lived with and were supported by her. David W., as administrator, advertised and sold the personal property, at public auction, to a person who bid it off for, and subsequently transferred it to, said David W., who also purchased the interests of the other adult heirs therein. He left it on the farm in the possession of his mother. The proceeds of the farm were delivered to David W., who, with a portion thereof, and under an arrangement with his mother that he should therewith buy out the adult heirs for the benefit of his mother, purchased from the three other adult heirs their interests, but, instead of taking the deeds in the name of his mother, he, without her knowledge, took title in his own name. The amount of money in his hands, arising from sale of the farm products, was $4,149.78. The purchase-price of the interests so conveyed was $2,400. This was not discovered until after his death. His children and widow are defendants. The defence was that the funds used in the purchase were trust moneys in the hands of plaintiff and David W. Roulston, as administrators; that such use of the money was a violation of the trust, and that equity would not interpose to compel the performance of a corrupt bargain, as between the two trustees. *Held*, untenable, that plaintiff did not take possession of the land as administratrix, but, in her own right, with the consent of the adults; and as guardian in socage of the minors, she had the right to possess and manage their real estate, subject to a liability to account to them for the proceeds: that, by virtue of her right of dower, she was entitled to one-third of the proceeds; and, by virtue of the purchases, she became entitled to one-third more. That so far as David W. was concerned, he could not dispute her right to the proceeds, as he had received it as her money, and had agreed to use it in the purchase; also that she was

not a trustee for the value of the use of the personal·property, and David W. or defendants could not object that the proceeds thereof were not hers, he having assented to the use; that the sale and purchase by him was valid as to all except the minors, and as to them not void, but voidable. (*Boerum* v. *Schenck*, 41 N. Y., 182; *Roderick* v. *Atkins*, 3 id., 93; *Alcott* v. *T. R. R. Co.*, 27 id., 546; *Forbes* v. *Halsey*, 26 id., 53), and it did not appear they had repudiated it. But that, in any view of the case, it did not appear that the money used in the purchase was more than plaintiff was entitled to out of the proceeds of the use of the property, real and personal. That, therefore, there was a resulting trust, under the statute of uses and trusts (1 R. S., 728, §§ 51, 53) in plaintiff's favor, enforceable in equity. (*Lounsberry* v. *Purdy*, 18 N. Y., 515; *Foot* v. *Bryant*, 47 id., 544.)

Evidence, on the part of the plaintiffs, was received, under objection and exception, that the grantors in the deeds did not read or hear them read and did not know that David W. was grantee therein; also that plaintiff negotiated the purchase. *Held*, no error; as it tended to show that the purchases were intended for plaintiff's benefit, and that David W. took the deeds in his own name, in violation of his duty. Also, *held*, that it was proper to show, as part of the *res gestœ*, statements of the grantors during the negotiations for the purchase, that they would not sell for so low a price to any one but their mother.

*Edward C. James* for the appellants.

*Leslie W. Russell* for the respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.